IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ROBERT LEE PATTERSON,
        Plaintiff,

vs.                                Case No.: 5:12cv66/RS/EMT

HEPACO, INC.,
        Defendant.
                                             /

## REPORT AND RECOMMENDATION

This cause is before the court on the pro se Plaintiff's second amended complaint ("complaint") brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (doc. 12). Leave to proceed in forma pauperis has been granted (doc. 4). In this complaint Plaintiff alleges that Hepaco, Inc. ("Hepaco"), discriminated against him by failing to hire him to work as an oil spill cleaner in July 2010, following the Deepwater Horizon accident. Plaintiff filed the most recent complaint in response to a detailed court order identifying deficiencies in his previous complaint (*see* doc. 10). Upon review, the court concludes that the facts as presented in the second amended complaint fail to support a viable claim for relief under Title VII. Therefore, the instant complaint should be dismissed.

Title VII prohibits employers from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." McCann v. Tillman, 526 F. 3d 1370, 1373 (11th Cir. 2008) (internal quotations and citations omitted). A plaintiff may establish a prima facie case of racial discrimination by showing that: 1) he belongs to a protected class; 2) he was qualified to do the job; 3) he was subjected to an adverse employment action; and 4) his employer treated similarly situated employees outside his class more favorably. Crawford v. Carroll, 529 F.3d 961, 970 (11th Cir. 2008).

<953114ecf7>
<953114ecf7>
<953114ecf7><953114ecf7><953114ecf7>
</953114ecf7></953114ecf7></953114ecf7>
</953114ecf7>
</953114ecf7>

While Plaintiff need not show a prima facie case of Title VII discrimination to avoid dismissal for failure to state a claim for relief, *see* Swierkiewicz v. Sorema N.A., 534 U.S. 506, 515 (2002), his complaint nonetheless must satisfy the pleading requirements of Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Twombly requires the complaint to state "more than labels and conclusions" and notes that "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Rather, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* Additionally, the Supreme Court held in Iqbal, 556 U.S. at 667, that the complaint must contain "factual content that [would] allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The instant complaint does not satisfy the above pleading requirements. Plaintiff alleges on page three of the complaint form that Defendant discriminated against him on the basis of his race.[1] The factual allegations of Plaintiff's complaint, however, do not mention his race at all; he asserts only that he was denied employment due to an incorrect consumer credit report (doc. 12 at 4–5). Plaintiff states that after he received notice from Defendant that he had been denied employment based on information contained in a consumer report, he spent months working with multiple agencies to correct his file and ensure that his background information was correct (*id*. at 5). He complains that neither Defendant nor GIS[2] took appropriate action or responded to his request to correct errors in his background report in a timely manner (*id*.).

Before filing suit in this court, Plaintiff attempted to pursue this matter through the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission ("EEOC"). The FCHR, after having explained to Plaintiff that his employment discrimination case had to be based on "race, color, religion, national origin, sex, age, handicap and/or marital status" (doc. 12 at 69), shortly thereafter dismissed Plaintiff's complaint for lack of jurisdiction, noting that Plaintiff "has not alleged any factual basis showing that a violation of the Florida Civil Rights Act

---

[1] Although Plaintiff does not identify his race on page three of the form or within the written statement of facts, attachments to the complaint reveal that he is black or African-American (doc. 12 at 120).

[2] From the attachments to the complaint, it is clear that GIS is the company that conducted the background investigation of which results Defendant complains (doc. 12 at 18).

Case No.: 5:12cv66/RS/EMT

has accurred [sic]" (*id* at 85).[3] The EEOC terminated the processing of its charge and issued a right to sue letter in December of 2011 (*id*. at 119). Plaintiff's complaint to that agency apparently indicated that although he had been told that he would not receive an offer for employment based in part or in whole on information obtained in a consumer report, he believed he had not been hired due to his race (*id*. at 120). Plaintiff claimed that Defendant hired white and Hispanic employees with felony records but refused to do the same for him (*id*.).

In the court's previous order directing Plaintiff to amend, the court noted that although Plaintiff's complaint "refers vaguely to a past criminal conviction (as to which clemency apparently was granted to Plaintiff) and alleges that Hepaco refused to hire Plaintiff even though it hired other persons with the same criminal background but of different ethnic backgrounds, there are virtually no references to the alleged race discrimination allegedly suffered by Plaintiff" (doc. 10 at 2). Plaintiff was also advised in the same order that in order to establish a successful Title VII claim he would be required to identify, *with specificity*, non-minority individuals who were hired with a background "nearly identical" to his. *See* Maniccia v. Brown, 171 F.3d 1364, 1368 (11th Cir. 1999) ("We require that the quantity and quality of the comparator's misconduct be nearly identical . . . .") (*id*.). In amending, Plaintiff has all but omitted reference to any facts from which the court could surmise that his claim purports to be a Title VII claim for race discrimination. Instead, the focus is on the erroneous credit report.

Because Plaintiff is proceeding in forma pauperis, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). This provision also applies to actions arising under Title VII. *See, e.g.,* Gant v. Jefferson Energy Co-op, 348 F. App'x 433 (11th Cir. 2009). For the reasons set forth above, even after having been given detailed instruction and an opportunity to amend, Plaintiff's complaint does not plead "enough facts to state a claim to relief [under Title VII] that is plausible on its face." *See* Twombly, 550 U.S. at 547; *see also* Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1261 (11th Cir. 2009) ("A complaint must state a plausible claim

---

[3] This report erroneously identified Plaintiff's "color" as "white" (doc. 12 at 85).

for relief, and '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'") (internal citation omitted).  Therefore, this action is subject to dismissal.

Accordingly, it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

At Pensacola, Florida, this 26th day of June 2013.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**